# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Juan Angel LARA CORDON,                  :

                                                                           :

Petitioner,                                        :

                                                  :   PETITION FOR
                                                  :   WRIT OF HABEAS
                                                  :   CORPUS
                                                  :

v.                                                    :   No. 25-6937

                                                  :

JAMAL L. JAMISON, in his              :
official capacity as Warden,             :
Federal Detention Center,               :
Philadelphia, et al.,                        :
                                                  :
Respondents.                               :


## <u>MEMORANDUM</u>

Petitioner Juan Angel Lara Cordon filed this petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Lara Cordon is currently

detained by Immigration and Customs Enforcement ("ICE") pursuant to the mandatory detention provision in Section 235 of the Immigration and Nationality Act ("INA").  8 U.S.C. § 1225(b)(2).  Mr. Lara Cordon alleges that his detention is unlawful because Section 235 does not apply to individuals like him: noncitizens who are residing in the United States. As a person who has been living in the United States since May 2019, Mr. Lara Cordon argues that he should have been detained, if at all, under Section 236 of the INA.  8 U.S.C. § 1226(a).  Consequently, he asserts that he is entitled to a bond hearing before a neutral adjudicator.

In recent months, numerous district courts have addressed the same issue raised in Mr. Lara Cordon's Petition.  At least 350 decisions from district courts[1]—including about 25 decisions from this District[2]—find

---

[1] *See Barco Mercado v. Francis*, No. 25-6582, slip op. at 9-10 & n.22 (S.D.N.Y. Nov. 26, 2025) (counting 350 cases decided by over 160 different judges granting habeas relief to similar Petitioners).

[2] *See, e.g., Patel v. McShane*, Civ. 25-cv-5975 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4-7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D.

that the application of Section 1225(b)(2)(A) to noncitizens residing in the

United States is unlawful.  I agree with the reasoning of my colleagues

and these other district courts.[3]    Mr. Lara Cordon's Petition is

**GRANTED**.

---

Pa. Nov. 13, 2025); (Kenney, J.); *Centeno Ibarra v. Warden of the Federal Detention Center, et al.,* No. 25-cv-6312 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Buele Morocho v. Jamison, et al.*, No. 25-cv-5930 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill, et al*, No 25-cv- 6358 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Espinal Rosa v. O'Neill, et al.*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.);*Wu v. Jamison, et al.,* No. 25-cv-6469 (E.D. Pa. Dec. 1, 2025) (Gallagher, J.); *Flores Obando v. Bondi*, No. 25-cv-6474 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Valdivia Martinez v. FDC*, No. 25-cv-6568 (E.D. Pa. Dec. 1, 2025) (Savage, J.); *Soumare v. Jamison*, No. 25-cv-6490 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Yilmaz v. Warden, FDC*, No. 25-cv-6572 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Nogueira-Mendes v. McShane,* No. 25-cv-5810 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez Velazquez v. O'Neill, et al.*, No. 25-cv-6191 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Perez-Suspes v. Rose, et al.*, No. 25-cv-6608 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Delgado Villegas v. Bondi, et al.,* No. 25-cv-6143 (E.D. Pa. Dec 4, 2025) (Diamond, J.); *Hidalgo et al. v. O'Neill, et al.*, No. 25-cv-6775 (E.D. Pa. Dec. 5, 2025) Diamond, J.); *Conde v. Jamison, et al.* No. 25-cv-6551 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Rodrigues Pereira v. O'Neill, et al.*, No. 25-cv-6543 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Bhatia v. O'Neill, et al.*, No. 25-cv-6809 (Rufe, J.); *Anirudh v. McShane, et al.*, No. 25-cv-6458 (Bartle, J.); *Acosta-Cibrian*, No. 25-cv-6650 (Gallagher, J.); *Picon v. O'Neill, et al., No. 25-6731* (Perez, J.).

[3] Because the Court finds that Mr. Lara Cordon's detention without a bond hearing violates the INA, the Court does not address Mr. Lara Cordon's argument that his detention also violates the Due Process Clause.  *Id.* at 13-17.

## I.    BACKGROUND

Mr. Lara Cordon is a citizen of Honduras.  Petition, ECF No. 1, ¶ 21.  He and his father experienced persecution by gang violence in his home country.  *Id.* ¶ 71.  In May 2019, Mr. Lara Cordon and his father fled to the United States to seek safety and protection. *Id.* ¶ 69, 71.

Upon his entry to the United States, Mr. Lara Cordon was arrested by Department of Homeland Security agents but released after two days. *Id.* ¶ 71.  Mr. Lara Cordon and his father were then placed into immigration court proceedings.  *Id.* ¶ 72.  An Immigration Judge dismissed Mr. Lara Cordon's immigration proceedings on January 4, 2024, due to a defective Notice to Appear.  *Id.* ¶ 73; *see also* Exhibit B. Mr. Lara Cordon timely and lawfully filed for asylum in March 2024.  *Id.* ¶ 74; *see also* Exhibits A, E.  As far as the Court knows, Mr. Lara Cordon has complied with all directions and requirements of asylum and immigration officers since submitting his application and has never engaged in criminal activity.  *Id.* ¶ 75, 79.

On or about December 9, 2025, while he was driving from a hardware store in South Philadelphia where he had been picking supplies from work, Respondents took Mr. Lara Cordon into custody. *Id.* ¶ 76. He is now believed to be detained at the Philadelphia Federal Detention Center. *Id.*

On December 10, 2025, Mr. Lara Cordon filed the instant Petition, seeking his release. *Id.* at 23. Respondents oppose habeas relief. Respondents' Opposition Brief, ECF No. 4.

## II.   DISCUSSION

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States … in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

Respondents argue that the Court lacks jurisdiction to hear Mr. Lara Cordon's claims per 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(a)(2)(B)(ii).  As my colleagues have explained, none of these statutes are applicable to the instant Petition.  *Demirel*, 2025 WL 3218243, at *2-3; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *3-4.  There is no jurisdictional bar to reviewing Mr. Lara Cordon's Petition.

Respondents also assert that this Court should dismiss Mr. Lara Cordon's claims because of his failure to exhaust administrative remedies. Again, I agree with my colleagues that exhaustion is not required because the issue presented involves only statutory construction, and exhaustion would be futile in light of the Board of Immigration Appeals' recent decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). *Demirel*, 2025 WL 3218243, at *3-4; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *4.

As for the merits of Mr. Lara Cordon's Petition, the principal issue is whether his mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A)

is unlawful.[4]   I concur with my colleagues that it is.   Both the plain

meaning of the text of Section 1225(b)(2)(A) and the statutory framework

of the INA support the conclusion that the provision does not apply to

noncitizens residing within the United States.   *Demirel*, 2025 WL

3218243, at *4-5; *Cantu-Cortes*, 2025 WL 3171639, at *1-2; *Kashranov*,

2025 WL 3188399, at *5-7.  Respondents can detain Mr. Lara Cordon, if

at all, under 8 U.S.C. § 1226(a).[5]   *Demirel*, 2025 U.S. Dist. LEXIS

226877, at *5; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025

WL 3188399, at *5.  Noncitizens detained pursuant to Section 1226(a) are

entitled to apply for release on bond or conditional parole.  *See* 8 C.F.R.

§ 1236.1(c)(8), (d); *Johnson v. Guzman Chavez*, 594 U.S. 523, 527

---

[4] Section 1225(b)(2)(A) provides: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding …" 8 U.S.C. § 1225(b)(2)(A).

[5] Section 1226(a) provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any criminal offenses listed in section 1226(c).  8 U.S.C. § 1226(a).

(2021).  Therefore, Mr. Lara Cordon's detention without opportunity for a bond hearing violates the INA.

## III.  REMEDY

As Judge Wolson did, I will order the release of Mr. Lara Cordon because he was unlawfully detained without a bond hearing as required by Section 1226(a).  *Kashranov*, 2025 WL 3188399, at *8 (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (noting that a habeas court has "the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted."))  I will also permanently enjoin the Government from re-detaining Mr. Lara Cordon under Section 1225(b)(2)(A) and temporarily enjoin the Government from re-arresting him under Section 1226(a) for seven days following his release to ensure the habeas remedy is effective.  If Mr. Lara Cordon is later detained under Section 1226(a), the Government must provide Mr. Lara Cordon with notice and an opportunity to be heard at a bond hearing

before an Immigration Judge, who will assess whether he poses a flight risk or a danger to the community.

## IV.  CONCLUSION

I will grant Mr. Lara Cordon's Petition for the same reasons as my colleagues on this Court.  Mr. Lara Cordon's mandatory detention without a bond hearing pursuant to Section 1225(b)(2) is unlawful.  An appropriate order accompanying this opinion follows.

s/ ANITA B. BRODY, J.
ANITA B. BRODY, J.
December 29, 2025
